IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY RICHARD HAMILL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:05-CR-423-DAK<br><br>Judge Dale A. Kimball |

On May 27, 2021, the court received a letter from Defendant seeking early termination of his supervised release. This court sentenced Defendant to 120 months incarceration and 60 months of supervised release for possession of child pornography. Defendant's term of supervised release began on June 15, 2018. Therefore, he has served approximately three of his five years of supervised release. The United States opposes early termination of Defendant's supervised release. Defendant's United States Probation Officer provided the court with a supervision summary report, but did not provide a recommendation.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be

considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's probation officer states that Defendant has been fully compliant while on supervised release, completed all active conditions of supervision, and has maintained a stable residence. Defendant has taken many positive steps to turn his life around. The court, however, has concerns with respect to Defendant's criminal history and the nature and circumstances of the offense. The type of crime has a likelihood of recidivism and there is a need to err on the side of caution to protect the community. Defendant's five-year term of supervised release is much lower than the term of supervised release the court has imposed in similar cases. The court does not want to diminish Defendant's efforts while on supervised release, but the court believes that Defendant will benefit from continued supervision to help ensure that Defendant continues along the right path consistently. The court, therefore, denies Defendant's motion for early termination of supervised release at this time. Defendant may reapply for early termination in a year.

DATED this 8th day of June, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge