IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ANTHONY RICHARD HAMILL,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:05-CR-423-DAK<br><br>Judge Dale A. Kimball |

　　　　On May 31, 2022, the court received a letter from Defendant seeking early termination of his supervised release. This court sentenced Defendant to 120 months incarceration and 60 months of supervised release for possession of child pornography. Defendant's term of supervised release began on June 15, 2018. Therefore, he has served approximately four of his five years of supervised release. The United States opposes early termination of Defendant's supervised release. Defendant's United States Probation Officer provided the court with a supervision summary report, but did not provide a recommendation.

　　　　Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be

considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

      This motion and the circumstances the court needs to address are nearly identical to a motion Defendant filed last year.  Again, the court is encouraged that Defendant has been fully compliant while on supervised release, completed all active conditions of supervision, maintained a stable residence, and taken many positive steps to turn his life around.  But, as stated in the court's prior order, the court remains concerned with Defendant's criminal history, the nature and circumstances of the offense, and the likelihood of recidivism in this type of crime.  The court must also recognize that Defendant's five-year term of supervised release is much lower than the term of supervised release the court has imposed in similar cases. Therefore, even though Defendant has been consistently making good choices while on supervised release, the court believes he should serve the full term of his supervised release.  The court continues to believe that Defendant and the community will benefit from his continued supervision as a means of ensuring that Defendant continues along the right path.  The court, therefore, denies Defendant's motion for early termination of supervised release.

      DATED this 1st day of June, 2022.

                                                        DALE A. KIMBALL
                                                        United States District Judge